DONALD M. de CAMARA, SBN 69703
E-mail: decamlaw@sbcglobal.net
LAW OFFICES OF DONALD M. de CAMARA
1241 Carlsbad Village Drive, Ste. E
Carlsbad, CA 92008
Tel: (760) 730-7404
Fax: (760) 730-7409

DANIEL E. WILCOXEN, SBN 054805
E-mail: dwilcoxen@wilcoxenlaw.com
WILCOXEN CALLAHAM, LLP
2114 K Street
Sacramento, California 95816
Telephone:    (916) 442-2777
Facsimile:  (916) 442-4118

Attorneys for Plaintiffs Lenai Mull, Danielle Mull, Norman Mull and Carson Mull and Counter Defendants Lenai Mull and Norman Mull

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MULL, NORMAN MULL, CARSON MULL<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br><br>　　　　Defendants<br>_____<br>BOARD OF DIRECTORS OF<br> MOTION PICTURE INDUSTRY HEALTH PLAN<br>　　　　Counterclaimants<br>vs.<br><br>LENAI MULL, NORMAN MULL<br>　　　　Counterdefendants<br>_____ | Case No.: CV12-6693VBF (MANx)<br><br>Assigned to:<br>Hon. Valerie Baker Fairbank<br><br>**PLAINTIFF DANIELLE MULL'S DECLARATION IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: None set, per Court's order<br>Ctrm: 9 |

1
Plaintiff Danielle Mull's Declaration in Support of Motion for Summary Judgment  Case No. CV12-6693VBF (MANx)

I, Danielle Mull, declare as follows:

1. I have personal knowledge of the facts contained herein, and if called as a witness, could competently testify to those facts.

2. I am a plaintiff in the above entitled action and also the guardian ad litem for our 16 year old daughter, Carson Mull, in the action. My husband Norman Mull is also a plaintiff in this action. Our adult daughter, Lenai Mull, is a plaintiff in this action but her action and the counterclaim against her were stayed by her recent bankruptcy filing. Norman was also named as a defendant in the counterclaim and he has filed a motion to dismiss, which is currently pending before this Court.

3. My husband, Norman Mull, has worked as a wrangler for the motion picture industry for about 20 years. As a wrangler, he cares for any and all livestock used in making motion pictures. Wranglers and drivers in the motion picture industry are required to be members of the Teamsters Union and to pay dues to the union. Through his union membership and his work in the motion picture industry, our family is entitled to health care benefits through the Motion Picture Industry (MPI) Health Plan. Our entire family has been covered by the MPI Health Plan for the past 15 years. We pay $600 per year directly to be covered by the MPI plan and $1,032 in annual union dues. This is the only health care coverage that Norman, Carson and I have.

4. On February 3, 2010, my adult daughter Lenai Mull was severely injured in a car accident. Lenai's birth date is April 2, 1991 so, at the time of the accident, she was 18 years old. Lenai Mull was also covered under the MPI Plan as a beneficiary at the time of the accident. In this accident, she

suffered the following injuries: comminuted open fracture of the right femur (thigh); second fracture of the right femur femoral shaft; fracture of the left femur; fracture of right trochanter (hip); fracture of the left fibula; crush fracture of right patella (kneecap); fracture of right ankle medial malleolus; fracture of articular surface on medial tibia (lower leg); multiple rib fractures; left hemothorax and pneumothorax (collapsed lung); head injury with altered mental state; scarring from the injuries and multiple surgeries; assorted lacerations, contusions and soft tissue injuries. Lenai underwent multiple surgeries to reduce and stabilize her many fractures and implant femoral rods and other orthopedic devices and to inflate her collapsed lung. Due to these injuries and surgeries and the prolonged recovery therefrom, Lenai missed substantial time from college and suffered both physical and mental pain and suffering.

5. Pursuant to the terms of the employee benefit plan, the MPI Plan paid approximately $148,000 in medical expenses incurred by Lenai to her medical providers. Lenai's total accident related medical expenses are approximately $190,000 to date. I am aware of these figures because I keep the family's books and records and the MPI Explanations of Benefits ("EOB") are sent to me.

6. Lenai Mull learned that the driver of the car responsible for her injuries had only $100,000 of coverage available and she settled with the driver's insurance carrier for that amount without the need to hire an attorney. Since Lenai was over 18 at the time of her injury and her subsequent settlement, the proceeds of this settlement were paid directly to her and placed in her bank account.

3
Plaintiff Danielle Mull's Declaration in Support of Motion for Summary Judgment  Case No. CV12-6693VBF (MANx)

7. Norman Mull, Carson Mull and I have no legal interest or right to control Lenai's personal injury settlement funds. We also do not have possession of those funds.

8. Our family was unaware of the reimbursement or credit provisions in the MPI health plan until MPI advised us of them after Lenai's accident.

9. When our family now receives medical care, the MPI Plan normally declines to pay its covered share and instead sends us an EOB indicating that MPI's share of covered expenses has been applied to our alleged obligation to reimburse the plan for Lenai's medical expenses, which is described as our "overpayment." To date, according to my records, MPI has credited $1,362 of our (Norman's and Danielle's) covered medical expenses to this overpayment. An accurate summary sheet of these credits is attached hereto as Exhibit 5 with copies of the EOB's from MPI showing the covered amount of medical expense being applied to the overpayment. If we included the covered medical expenses that MPI has denied due to the overpayment for the entire family, including Lenai, it is in excess of $4,000. Notably, for those EOB's that show the balance of our alleged overpayment, the balance is listed between $107,000--$145,000, even though Lenai only recovered $100,000.

10. Because MPI is even refusing to pay for preventive care like physicals, pap smears, etc., we have also foregone some of these screenings that we would normally get, which has caused us great concern. We are also very concerned that our entire family is effectively without health insurance coverage unless this issue is resolved in our favor. Our financial well being and our peace of mind that comes from having actual health insurance

coverage has been severely compromised through MPI's application of its contractual credit rights against us.

11. Because we have no right to Lenai's settlement funds and we do not have somewhere between $107,000--$145,000 to repay the MPI Health Plan that MPI alleges is our payment responsibility, we have no way to attempt to restore our health insurance coverage except for this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 4-8-14

*Danielle Mull*
Danielle Mull