DONALD M. de CAMARA, SBN 69703
E-mail:  decamlaw@sbcglobal.net
LAW OFFICES OF DONALD M. de CAMARA
1241 Carlsbad Village Drive, Ste. E
Carlsbad, CA 92008
Tel: (760) 730-7404
Fax: (760) 730-7409

DANIEL E. WILCOXEN, SBN 054805
E-mail:  dwilcoxen@wilcoxenlaw.com
WILCOXEN CALLAHAM, LLP
2114 K Street
Sacramento, California 95816
Telephone:       (916) 442-2777
Facsimile:  (916) 442-4118

Attorneys for Plaintiffs Lenai Mull, Danielle Mull, Norman Mull and Carson Mull
and Counter Defendants Lenai Mull and Norman Mull

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MULL, NORMAN MULL, CARSON MULL<br><br>        Plaintiffs,<br><br>    vs.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br>        Defendants | Case No.: CV12-6693VBF (MANx)<br><br>Assigned to:<br>Hon. Valerie Baker Fairbank<br><br>**PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  None set, per Court's order<br>Ctrm:  9 |
| BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br>        Counterclaimants<br>vs.<br><br>LENAI MULL, NORMAN MULL<br>        Counterdefendants | |

Plaintiffs submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment.

**UNCONTROVERTED FACTS**

1.  Plaintiffs Danielle Mull, Norman Mull, Carson Mull and Lenai Mull are all participants or beneficiaries in an employee welfare benefit plan known as the Motion Picture Industry Health Plan, which is subject to the federal law of ERISA.

      See Defendant Motion Picture Industry Health Plan ("MPI")'s Answer to Plaintiffs' First Amended Complaint ("FAC"), ¶¶1,4, Exhibits 6 and 7; Danielle Mull's Declaration, ¶3.

2.  The MPI Plan is Governed by Defendant Board of Directors of the MPI Health Plan as the Plan Administrator.

      See MPI's Answer to FAC, ¶4, Exhibits 6 and 7; Exhibits 1 and 2.

3.  The MPI Health Plan was established pursuant to an Agreement and Declaration of Trust.

      See MPI Answer to FAC, ¶4, Exhibits 6 and 7; Exhibit 2.

4.  The MPI Agreement and Declaration of Trust contains no reimbursement or credit provisions and is attached as Exhibit 2.

      See Exhibit 2; Declaration of Plaintiff's Counsel, ¶2; Exhibit 3 and Exhibit 4.

5.  The Summary Plan Description ("SPD") for the MPI Plan dated 2007 is circulated to all participants and provides details of the coverage and is attached as Exhibit 1.

See Exhibit 1; MPI Answer to FAC, ¶8, Exhibits 6 and 7.

6.    The Mull family is entitled to coverage under the MPI plan because Norman Mull has worked as a wrangler for the motion picture industry for the past 18 years.  Wranglers and drivers are required to join the Teamsters Union in order to get this coverage.  The Mulls have had the MPI coverage for the last 15 years.  They pay $600 per year directly to the MPI Plan for the coverage and $1,032 in union dues.  This is the only coverage available to plaintiffs Danielle, Norman and Carson Mull.

See Danielle Mull's Declaration, ¶3.

7.  On February 3, 2010, 18 year old Lenai Mull was severely injured in a car accident, at the time she was covered under the MPI plan.  She suffered many severe fractures requiring multiple surgeries and hospitalization, a collapsed lung and closed head injury with altered mental state, and other injuries.

See Danielle Mull's Declaration, ¶4.

8.  The MPI Plan paid about $148,000 of Lenai Mull's total medical bills of approximately $190,000 in connection with treatment for her accident related injuries.

See Danielle Mull's Declaration, ¶5; MPI's Answer to FAC, ¶6, Exhibits 6 and 7.

9.  The driver of the car responsible for Lenai Mull's above accident had only a $100,000 liability policy and she settled with the insurance company for that amount without the need to retain counsel.  The proceeds of this settlement were paid directly to Lenai Mull, as an adult, and placed in her bank account.

See Danielle Mull's Declaration, ¶6; MPI's Answer to FAC, ¶7, Exhibits 6 and 7.

10.  The Mulls were unaware of the reimbursement provision in the MPI SPD until after Lenai's accident.  Said reimbursement provision purports to provide that all family members covered by the MPI Plan are personally responsible for reimbursing MPI whether or not they received any personal injury settlement and purports to allow MPI to credit any future covered medical care of the entire family against the alleged overpayment.

See MPI SPD, Exhibit 1, Page 52, 57-58; Danielle Mull's Declaration, ¶8; MPI's Answer to FAC, ¶8, Exhibits 6 and 7.

11.  Norman, Danielle and Carson Mull have no legal interest or right to control Lenai Mull's personal injury settlement, that Lenai received as an adult, and they are not in possession of Lenai's settlement funds.  MPI has truthfully alleged in recent pleadings and its attorney's declaration that Lenai Mull is in possession of the unexpended funds from her settlement and the Court expressly relied upon those representations in ruling on Lenai's motion to dismiss.

See Danielle Mull's Declaration, ¶7.  Doc. 31(MPI opposition P&A to Lenai Mull motion to dismiss), p. 3, ll. 16-17; Doc. 32 (Declaration of Kathryn Halford), p. 2, ll. 16-17; Doc. 49 (Court Order), pp. 10-12.

12.  When the Mull family now receives medical care, the MPI Health Plan normally declines to pay its covered share and instead sends the Mulls an Explanation of Benefit ("EOB") indicating that MPI's share of covered expenses has been applied to the Mulls' alleged obligation to reimburse the plan for Lenai's medical expenses, which is described as their "overpayment."

To date, the MPI Plan has credited $1,362 of Norman's and Danielle's covered medical expenses to this overpayment.  An accurate summary sheet of these credits is attached hereto as Exhibit 5 with copies of the EOB's from MPI showing the covered amount of medical expense being applied to the overpayment.   For those EOB's that show the balance of the alleged overpayment to Lenai Mull, the balance is listed between $107,000-- $145,000, even though Lenai only recovered $100,000.

       See Declaration of Danielle Mull, ¶9; Exhibit 5.


13.  Because MPI is even refusing to pay for preventive care like physicals, pap smears, etc., the Mulls have foregone some of these screenings that they would normally get, which has caused them great concern.   They are also very concerned that their entire family is effectively without health insurance coverage unless this issue is resolved in their favor.  Their financial well being and their peace of mind that come from having actual health insurance coverage has been severely compromised through MPI's application of its contractual credit rights against the entire family.

       See Declaration of Danielle Mull, ¶10.


14.  Following the recent *US Airways vs. McCutchen* decision by the Supreme Court, plaintiff Lenai Mull, for herself alone, moved to dismiss her case with prejudice. Concurrently, MPI moved to file an affirmative counterclaim against Lenai Mull and Norman Mull. On February 4, 2014, the Court denied Lenai Mull's motion to dismiss and granted MPI leave to file its counterclaim. See Doc. 49.  On February 21, 2014, plaintiff Lenai Mull filed for protection in federal bankruptcy court.  See Doc. 51.  On February 26, 2014, this Court stayed the action as to Lenai Mull and set the briefing

schedule for Norman Mull's FRCP 12(b)(6) motion and the instant motions for summary judgment.  Doc. 53.

See Docs. 49, 51, 53; Declaration of Plaintiff's Counsel, ¶4.

15.   Because Mr. and Mrs. Mull have no right to Lenai Mull's settlement funds and do not have somewhere between $107,000--$145,000 to repay the MPI Health Plan that MPI alleges is their payment responsibility, the Mulls have no way to restore their health insurance coverage except through this action.

See Declaration of Danielle Mull, ¶11.

**CONCLUSIONS OF LAW**

1.   The MPI Agreement and Declaration of Trust ("ADT") (Exhibit 2) constitutes the MPI Health Plan's formal plan document, as it is the only Plan document that contains all of the requisite elements of such a document.

See 29 USC §1102, Exhibit 2.

2.   The ADT does not contain any subrogation, reimbursement or credit provisions that would be enforceable against the Mulls or other plan participants.  Only the terms of the formal plan document, and not the SPD, are enforceable against plan participants and beneficiaries.

See *CIGNA v. Amara*, 131 S. Ct. 1866 (2011); Exhibit 2.

3.  The MPI SPD provides for directors being fiduciaries who administer the plan, which satisfies the formal plan requirements of 29 USC §1102(a)(1) and (b)(2) but does not meet the mandatory requirements of providing a funding policy, a procedure for amending the plan identifying the persons with the

power to do so or specify the basis on which payments are made to and from the plan, as required by §1102(b)(1)(3) and (4).  Consequently, the MPI SPD is not the plan and is not independently enforceable against plan participants and beneficiaries.   Therefore, MPI has no enforceable reimbursement or credit rights against the Mulls.

See *CIGNA v. Amara*, 131 S. Ct. 1866 (2011); 29 USC §1102; Exhibit 1.

4.  Congress intended that the ERISA civil enforcement scheme be exclusive.

See *Pilot Life v. Dedeaux, 481 U.S. 41 (1987)* and *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

5.   ERISA contains no reference to any reimbursement or subrogation remedy and does not authorize an ERISA plan to utilize extra-judicial self-help measures to enforce the contractual terms of the plan.

*Pilot Life v. Dedeaux, 481 U.S. 41 (1987)* and *Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985); 29 USC §1132; 29 USC §1109.

6.   Plans are specifically limited to seeking reimbursement against participants or beneficiaries for an identifiable fund in the possession and control of the participant or beneficiary, under an equitable lien or constructive trust theory.  Plans cannot seek to impose any personal liability on such plan members to enforce reimbursement.

See *Great West Life & Annuity Ins. Co. v. Knudson*, 534 US 204 (2002); *Sereboff v. Mid-Atlantic Medical Services, Inc.* 547 U.S. 356 (2006); *US Airways, Inc. v. McCutchen*, 133 S.Ct. 1537, 569 U.S. _____ (4/16/13); *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092-

1093 (9th Cir. 2012); cert. denied 133 S.Ct. 1242 (2013) *Papowski v. Parrot* (461 F.3d 1367 (11th Cir. 2006).

7.  Since Lenai Mull recovered her personal injury settlement as an adult, she is the only one in the Mull family having possession or control of the "identifiable fund."  MPI's attempts to credit their "overpayment" to Lenai Mull against future covered medical care of the remaining Mull plaintiffs violates the identifiable fund requirement of the above cases.  The potential for future covered medical care of the remaining Mull plaintiffs occurring does not even constitute an identifiable fund under *Bilyeu, supra*.

See *Great West Life & Annuity Ins. Co. v. Knudson*, 534 US 204 (2002); *Sereboff v. Mid-Atlantic Medical Services, Inc.* 547 U.S. 356 (2006); *US Airways, Inc. v. McCutchen*, 133 S.Ct. 1537, 569 U.S. _____ (4/16/13); *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092-1093 (9th Cir. 2012); cert. denied 133 S.Ct. 1242  (2013).

8.  The MPI's unilateral credits against the Mull plaintiffs other than Lenai is an attempt to impose personal liability on each of them for Lenai Mull's obligation.  This is expressly prohibited under the controlling Supreme Court cases.

See *Great West Life & Annuity Ins. Co. v. Knudson*, 534 US 204 (2002); *Sereboff v. Mid-Atlantic Medical Services, Inc.* 547 U.S. 356 (2006); *US Airways, Inc. v. McCutchen*, 133 S.Ct. 1537, 569 U.S. _____ (4/16/13); *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1092-1093 (9th Cir. 2012); cert. denied 2013 U.S. Lexis 1094 (2013).

9.  MPI must be enjoined from applying any credit provisions against Danielle, Norman and Carson Mull to prevent the irreparable harm they are

suffering through the loss of any effective health insurance coverage for their family.   This is an appropriate use of 29 USC §1132(a)(3) because §1132(a)(1) only allows plan members to sue to enforce the terms of the plan.  The remaining Mull plaintiffs are suffering irreparable harm as a result of MPI's extra-judicial self-help credit enforcement against them.   Monetary compensation is not an adequate remedy for the Mulls.

See 29 USC 1132(a)(1) and (a)(3).

10.   Since MPI's extra-judicial credit action is not authorized by ERISA or the Supreme Court's controlling interpretation of ERISA, MPI has been unjustly enriched to the extent that it has avoided paying fully covered medical expenses to the remaining Mull plaintiffs.  As such, said plaintiffs should be granted equitable restitution in the amount of $1,362 for the wrongful denial of medical expenses.

See 29 USC §1132(a)(3).

11.   There are no genuine issues of material facts in dispute that would preclude summary judgment being granted in favor of the remaining Mull plaintiffs.  Consequently, plaintiffs' motion for summary judgment is granted, with costs to be awarded to plaintiffs.

See FRCP 56.

Respectfully submitted,

Dated: April 18, 2014                       */s/Donald M. de Camara*
                                            Donald M. de Camara
                                            Daniel E. Wilcoxen
                                            Attorneys for Plaintiffs