DONALD M. de CAMARA, SBN 69703
E-mail: decamlaw@sbcglobal.net
LAW OFFICES OF DONALD M. de CAMARA
1241 Carlsbad Village Drive, Ste. E
Carlsbad, CA 92008
Tel: (760) 730-7404
Fax: (760) 730-7409

DANIEL E. WILCOXEN, SBN 054805
E-mail: dwilcoxen@wilcoxenlaw.com
WILCOXEN CALLAHAM, LLP
2114 K Street
Sacramento, California 95816
Telephone:        (916) 442-2777
Facsimile: (916) 442-4118

Attorneys for Plaintiffs Lenai Mull, Danielle Mull,
Norman Mull and Carson Mull


FILED
CLERK, U.S. DISTRICT COURT

FEB 2 8 2013

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LENAI MULL, DANIELLE MULL, NORMAN MULL, CARSON MULL, A MINOR, BY HER GUARDIAN AD LITEM, DANIELLE MULL

         Plaintiffs,

      vs.

MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN

        Defendants

Case No.: CV12-6693VBF (MANx)

Assigned to:
Hon. Valerie Baker Fairbank

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now Come Plaintiffs, Lenai Mull, Danielle Mull, Norman Mull and Carson Mull, a minor through her guardian ad litem, Danielle Mull, through their undersigned attorneys, Law Offices of Donald M. de Camara and

DONALD M. de CAMARA, SBN 69703
E-mail: decamlaw@sbcglobal.net
LAW OFFICES OF DONALD M. de CAMARA
1241 Carlsbad Village Drive, Ste. E
Carlsbad, CA 92008
Tel: (760) 730-7404
Fax: (760) 730-7409

DANIEL E. WILCOXEN, SBN 054805
E-mail: dwilcoxen@wilcoxenlaw.com
WILCOXEN CALLAHAM, LLP
2114 K Street
Sacramento, California 95816
Telephone:       (916) 442-2777
Facsimile: (916) 442-4118

Attorneys for Plaintiffs Lenai Mull, Danielle Mull,
Norman Mull and Carson Mull

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENAI MULL, DANIELLE MULL, NORMAN MULL, CARSON MULL, A MINOR, BY HER GUARDIAN AD LITEM, DANIELLE MULL<br><br>         Plaintiffs,<br><br>    vs.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br><br>         Defendants | Case No.: CV12-6693VBF (MANx)<br><br>Assigned to:<br>Hon. Valerie Baker Fairbank<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Now Come Plaintiffs, Lenai Mull, Danielle Mull, Norman Mull and Carson Mull, a minor through her guardian ad litem, Danielle Mull, through their undersigned attorneys, Law Offices of Donald M. de Camara and

Wilcoxen Callaham, LLP, and hereby bring this first amended complaint against defendants Motion Picture Industry Health Plan and the Board of Directors of the Motion Picture Industry Health Plan (hereinafter "Defendants"), and as for her causes of action states as follows:

**JURISDICTION**

1.   Plaintiffs allege that plaintiffs' claims "relate to" an employee welfare benefit plan, as defined by ERISA, 29 U.S.C. §1001 et seq., and that the subject Plan constitutes an ERISA plan.  Plaintiff therefore alleges that this Court's jurisdiction is properly invoked pursuant to 28 U.S.C. §1331, 29 U.S.C. §1132(a)(1)(B) and §1132(a)(3), 29 U.S.C. §1132(e) and 28 U.S.C. §2201.

2.   Venue is proper in the above entitled Court pursuant to 29 U.S.C. §1132(e)(2) because the acts complained of occurred within this district and the defendants, and each of them, do business in this district.  The subject ERISA plan is also administered in this district.

 **PARTIES**

3.   Plaintiffs Lenai Mull (formerly Munch), Norman Mull, Danielle Mull and Carson Mull (hereinafter "Plaintiffs") are, and at all relevant times were, residents and citizens of the State of California.  Carson Mull is a minor who appears through her mother and guardian ad litem, Danielle Mull.

4.  Plaintiffs allege upon information and belief that defendant Motion Picture Industry ("MPI") Health Plan (hereinafter "Plan") was an ERISA employee benefit plan which provided health benefits to plaintiffs' family through Norman Mull's employment in the motion picture industry.  Norman Mull is

employed as a wrangler and he and his family live in Bishop, CA.  Norman
Mull is Carson Mull's father, Lenai Mull's adoptive father and Danielle Mull's
husband. Defendant Motion Picture Industry Health Plan is a trust established
to provide health benefits to workers in the motion picture industry and their
families and is located in Studio City, CA. Defendant Board of Directors of the
Motion Picture Industry Health Plan (hereinafter "Board") is the governing
body and the Plan Administrator for the defendant plan.

5.  At all times herein mentioned, the defendants named herein were acting
as the agents for one another.

**FACTUAL BACKGROUND**

6.   During the time that plaintiff Lenai Mull was entitled to comprehensive
health benefits under the MPI Plan as a beneficiary by virtue of her father's
participation in the Plan, she was severely injured in an automobile accident
on February 3, 2010.  At the time, Lenai Mull was eighteen (18) years old and
therefore an adult. In this accident, she suffered the following injuries:

A.  Comminuted open fracture of the right femur (thigh);

B.  Second fracture of the right femur femoral shaft;

C. Fracture of the left femur;

D.  Fracture of right trochanter (hip);

E.  Fracture of the left fibula;

F.  Crush fracture of right patella (kneecap);

G.  Fracture of right ankle medial malleolus;

H.  Fracture of articular surface on medial tibia (lower leg);

I.  Multiple rib fractures;

J. Left hemothorax and pneumothorax (collapsed lung);

K.  Head injury with altered mental state;

L.  Significant scarring from the injuries and multiple surgeries;

M.  Assorted lacerations, contusions and soft tissue injuries.

Plaintiff Lenai Mull underwent multiple surgeries to reduce and stabilize her many fractures and implant femoral rods and other orthopedic devices and to inflate her collapsed lung.   Due to these injuries and surgeries and the prolonged recovery therefrom, Lenai Mull missed substantial time from college and suffered physical and mental pain and suffering.  Pursuant to the terms of the employee benefit plan, defendant Plan paid approximately $148,000 in medical expenses incurred by plaintiff Lenai Mull to her medical providers.  Lenai Mull's total accident related medical expenses are approximately $190,000 to date.

7.    Following her injury, plaintiff Lenai Mull learned that the negligent driver who caused the auto accident and her above injuries had only $100,000 of liability insurance available.   Since her total damages suffered far exceeded these limits, her personal injury claim was settled for this $100,000 policy limit without need to retain counsel. The amount of plaintiff's settlement is believed by her present attorneys to be far below the full value of her severe injuries, which is estimated to be at least $2 million.   Consequently, she is far from being made whole by the settlement of her personal injury claim, including her damages for past and future medical expenses, pain and suffering, emotional distress, delay in completion of college and loss of earning capacity.

8.  Defendant Plan is seeking reimbursement from plaintiffs through a plan provision entitled "Claims Involving Third Party Liability" appearing at pages 49-50 of the Plan's 195 page Summary Plan Description (hereinafter "SPD"), which, by its terms, requires participants and beneficiaries to reimburse the

Plaintiffs' First Amended Complaint    Case No. CV12-6693VBF (MANx)

Exhibit 6 - Page 319

Plan for medical expenses paid by the plan from any personal injury recovery.   At and before the time of his accident, plaintiffs were unaware that there was any such reimbursement provision in the plan documents.

9.  The Plan's above Subrogation and Reimbursement provision purports to waive all equitable defenses to enforcement, including the make-whole doctrine, the common fund doctrine, and equitable apportionment.   Said provision expressly provides at page 50 that acceptance of benefits from the Plan "shall act as a waiver of any defense to full reimbursement of the Plan from the Recovery."   This provision appears to be inconsistent with the equitable  principle that, "He who seeks equity must do equity." As such, this plan provision is not the type of "appropriate equitable relief" that an ERISA plan can seek under the law pursuant to 29 U.S.C. §1132(a)(3).  Defendants continue to assert these claims that all four plaintiffs' equitable defenses are waived despite the recent holding of the Ninth Circuit in *CGI Solutions and Technologies, Inc. v. Rose*, et al. No. 11-25127 (9th Cir. 6/20/12) that all equitable defenses may be raised against the assertion of ERISA reimbursement claims. Said provision also fails to properly limit the Plan's right of recovery to medical expenses which the Plan paid and to which plaintiff Lenai Mull recovered title in her personal injury action.  Since Lenai Mull only recovered about 5% of her total damages in her settlement, she also recovered title to only about 5% of all of her damages, including medical expenses incurred.

10.  Defendants' formal health plan document also fails to contain any actual reimbursement or subrogation provision.  Rather, that provision appears only in the defendants' SPD.  Recent Supreme Court authority establishes that where there is a difference between the provisions of the formal plan

document and the SPD, the formal plan document controls.   Thus, the reimbursement provision should be unenforceable.

11.   Defendant Plan's reimbursement provision in its SPD also purports to allow the Plan to impose contractual liability for reimbursement personally upon both the participants and all eligible dependents of participants, who "shall continue to owe to the Plan such unpaid amount, up to the full amount of the Recovery."  Plan SPD, p. 49.  Such contractual liability under ERISA has been negated by the U.S. Supreme Court in Great West Life and Annuity Insurance Co. v. Knudson, 534 U.S. 204 (2002).   Despite this fact, defendants, and each of them, have refused to pay medical bills of all of the plaintiffs that are clearly covered under the terms of the MPI Health Plan until they have been paid all of Lenai Mull's $100,000 personal injury recovery, plus interest.   As a result, all plaintiffs have suffered the loss of their insurance coverage and concomitant delays in obtaining necessary medical care, cancer screenings and physical exams, including treatment that is totally unrelated to Lenai Mull's injuries.   As a result, all plaintiffs have suffered and continue to suffer both actual damages and continuing irreparable harm.

12.   Plaintiffs have attempted to resolve their differences with defendants to no avail.  They have appealed the Plan's decisions and thereby exhausted all available administrative remedies before filing this action.

**FIRST CAUSE OF ACTION—INJUNCTIVE RELIEF**

13.  Plaintiff repeat and reallege above paragraphs 1-12, as though fully set forth herein.

Exhibit 6 - Page 321

14.  29 U.S.C. §1132(a)(3) provides that an ERISA plan participant can seek to enjoin any act or practice that violates any provision of ERISA or the terms of the plan or to obtain other appropriate equitable relief.

15.   All plaintiffs have had their existing health insurance under the Plan effectively terminated  by the Plan's action of using self-help to enforce its claim of an alleged right to full reimbursement, plus interest, against the injured adult plan member.  When any of the four plaintiffs seeks medical care, they receive an Explanation of Benefit from the Plan showing that no amount is being paid but rather credited to Lenai Mull's alleged obligation to fully reimburse the plan.  Despite plaintiffs' entitlement to comprehensive medical care under the Plan, that entitlement has been terminated through the unilateral actions of the defendants.  As a result, plaintiffs have delayed or been denied medical care, including cancer screenings, that their doctors have ordered.  They are therefore suffering continuing irreparable harm which jeopardizes plaintiffs' health, safety and welfare.   Legal damages are inadequate to protect plaintiff from this harm.   Plaintiffs request that defendants, and each of them, be enjoined from enforcing the subrogation provision because it violates the law of ERISA and seeks to impose liability on plan participants not available to the plan under federal law.

16.  Plaintiffs have been ordered by the Court to show cause as to why the injunctive relief claim should remain in the case, i.e., why ERISA §502(a)(1)(B) does not provide an adequate remedy.   The reason that plaintiffs need to retain the right to seek injunctive relief is in case any of the four plaintiffs suffers an expensive medical emergency that the family cannot afford, and that the Plan refuses to pay, before the conclusion of this case.  In that event, they will suffer irreparable harm without any legal remedy.   They

would be forced to seek emergency relief on shortened notice from this Court in the form of a TRO or preliminary injunction.  If the injunctive relief claim is dismissed or voluntarily dropped, plaintiffs would not have this option.  If such a medical emergency occurred and injunctive relief were not available, plaintiffs could suffer diminished quality of medical care, ruination of their credit, bankruptcy and/or serious injury to their health.  In the event that no such medical emergency occurs before the Court finally resolves the §502(a)(1)(B) claim, then the §502(a)(3) claim would be rendered moot and would not need to be decided. Additionally, each of the plaintiffs may be suffering irreparable harm in terms of jeopardizing their health because the plan is refusing to pay for physicals, cancer screenings and other preventive type care. Since extra-contractual damages are not available under ERISA, plaintiffs cannot be compensated for any physical and emotional distress caused thereby.  Thus, plaintiffs are suffering irreparable harm for which they cannot be legally compensated. Moreover, the §502(a)(3) limitation of an ERISA plan's claims against participants and beneficiaries to "appropriate equitable relief" is central to the resolution of the remainder of plaintiff's claims.

**SECOND CAUSE OF ACTION—FOR RECOVERY OF BENEFITS DUE PLAINTIFFS UNDER THE PLAN, TO ENFORCE RIGHTS UNDER THE PLAN AND CLARIFY RIGHTS TO FUTURE BENEFITS UNDER THE PLAN (29 U.S.C. §1132(a)(1)(B))**

17.  Plaintiffs repeat and reallege above paragraphs 1-16, as though fully set forth herein.

Exhibit 6 - Page 323

18.  As noted above, defendants, and each of them have been depriving all of the plaintiffs of their benefits under the MPI health plan through the unilateral exercise of self-help credits designed to recoup Lenai Mull's entire $100,000 injury settlement, plus interest.  When defendant Plan receives a claim for payment of any of the Mulls' medical expenses covered under the Plan, it declines to pay and simply credits the unpaid medical bill(s) to the Mull's alleged obligation to pay over to the Plan the entirety of Lenai Mull's personal injury settlement.  Pursuant to 29 U.S.C. §1132(a)(1)(B), plaintiffs are entitled to recover these benefits due them under the MPI plan.  Plaintiffs are unable to accurately allege the total sum of their medical bills that will be unpaid in this fashion because the Plan continues to deny their medical bills.

19.  To avoid duplication of remedies alleged pursuant to the Court's order on plaintiff's initial complaint, plaintiffs have eliminated their cause of action for declaratory relief.  However, because of that, plaintiffs must also seek to enforce their rights to benefits under the Plan and to clarify their rights to future benefits under the plan pursuant to 29 USC §1132(a)(1)(B) so that all disputes between the parties are resolved in this instant action.

20.   Plaintiffs allege that defendant Plan's claims and credits for reimbursement against plaintiffs are defeated by the equitable make whole rule and/or diminished by the doctrine of equitable apportionment.  Plaintiffs also allege that it is a violation of public policy and equity for the Plan to assert credits or claims against the covered health benefits of Danielle Mull, Norman Mull and Carson Mull to recoup benefits paid on behalf of Lenai Mull, who was the only person injured in the accident referenced above.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1.  For recovery of the cost of all benefits due to plaintiffs under the MPI Plan, in the amount of all health insurance claims submitted by each of them under the plan that have been wrongfully denied by defendants through assertion of self-help credits, in an amount to be set forth at trial;

2.  For a determination that defendants' reimbursement provision violates the law of ERISA, as defendants have applied it to plaintiffs, and is therefore unenforceable;

3.  For a determination that defendants' claim or credit for reimbursement is barred by operation of the make-whole rule that operates as a complete defense to defendants' equitable claim for reimbursement under 29 U.S.C. §1132(a)(3);

4.   For a determination that defendant's claim or credit, if any, would be equitably limited to the medical expenses to which plaintiff Lenai Mull actually recovered title in her personal injury case by way of apportionment;

5.   For a determination that defendants' claim or credit, if any, would be limited by the doctrine of equitable apportionment to its fair share of plaintiff Lenai Mull's personal injury recovery;

6.   For a determination that defendants' claim or credit, if any, fails because it seeks to impose contractual liability at law on plaintiffs, and each of them, which is prohibited by ERISA;

7.   For a determination that defendants' claim or credit, if any, be further limited by any other applicable equitable defense;

8.  For a determination that defendants' claim or credit, if any, fails because defendants cannot demonstrate any fraud or wrongful conduct on the part of

plaintiff necessary to support a cause of action for constructive trust, equitable lien or restitution;

9.   For injunctive relief preventing defendants, and each of them, from seeking to enforce the reimbursement provision against plaintiffs or asserting any self-help credits to effectively deny plaintiffs coverage under the health plan;

10.  For a determination that all current and future benefits and full coverage of all plaintiffs under defendants' health plan be reinstated;

11.   For an award of reasonable attorneys fees pursuant to 29 U.S.C. §1132(g)(1);

12.  For costs of suit;

13.  For such other and further relief as the Court deems appropriate.

Dated:  February 27, 2013

Donald M. de Camara
Daniel E. Wilcoxen
Attorneys for Plaintiffs