Kathryn J. Halford, Esq. [SBN 68141]
Elizabeth Rosenfeld, Esq. [SBN 106577]
Michael Odoca [SBN 260022]
WOHLNER KAPLON PHILLIPS,
YOUNG & CUTLER
A Professional Corporation
16501 Ventura Boulevard, Suite 304
Encino, California 91436
Telephone: (818) 501-8030
Fax: (818) 501-5306
E-Mail: kjhalford@wkpyc.com
E-Mail: Rosenfeld@wkpyc.com
E-mail: MOdoca@wkpyc.com

Attorneys for Defendants Motion Picture Industry Health Plan;
Board of Directors of the Motion Picture Industry Health Plan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

| | |
|---|---|
| LENAI MULL, DANIELLE MULL, NORMAN MULL, CARSON MULL, a minor, by her Guardian ad Litem, DANIELLE MULL, <br><br> Plaintiffs, <br><br> vs. <br><br> MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN, <br><br> Defendants. | CASE NO.: CV12-6693VBF(MANx) <br><br> Assigned to: <br> Hon. Valerie Baker Fairbank <br><br> ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT <br><br> ACTION FILED: August 3, 2012 |

Defendants, Motion Picture Industry Health Plan and Board of Directors of the Motion Picture Industry Health Plan ("Plan") (Collectively "Defendants"), hereby respond to the First Amended Complaint as follows:

---

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Exhibit 7 - Page 327

1. Answering paragraph 1 of the First Amended Complaint ("FAC"), Defendants admit that this action arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1011, et seq. and that the Plan constitutes an ERISA Plan. Defendants further admit that this court has jurisdiction under 29 U.S.C. §1132(a)(1)(B). Except as expressly admitted, Defendants deny each other allegation contained in Paragraph 1 of the FAC.

2. Answering paragraph 2 of the FAC, Defendants admit that venue is proper because the Plan is administered in the Central District, except as expressly admitted Defendants deny each other allegation contained in paragraph 2 of the FAC.

3. Answering paragraph 3 of the FAC, Defendants admit the allegations contained therein.

4. Answering paragraph 4 of the FAC, Defendants admit that the Plan is an employee welfare benefit plan which is governed by ERISA, that Norman Mull, Carson Mull, Lenai Mull and Danielle Mull are participants in the Plan, that the Plan is established pursuant to a Trust Agreement and is administered in Studio City, California. Defendants further admit that the Plan is governed by the Board of Directors who are designated as the Plan Administrator. Except as expressly admitted Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and upon that basis deny each remaining allegation contained in paragraph 4 of the FAC.

5. Answering paragraph 5 of the FAC, Defendants deny the allegations contained therein.

6. Answering paragraph 6 of the FAC, Defendants admit that on February 3, 2012, Lenai Mull, formerly known as Lenai Munch, was eligible for benefits under the terms of the Plan as a dependent of Norman Mull and was involved in an automobile accident ("Accident"). Defendants further admit that the Plan paid

ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
- 2 -
Exhibit 7 - Page 328

1  approximately $148,000 in claims related to the injuries she sustained in the
2  Accident. Except as expressly admitted, Defendants lack sufficient information so
3  as to form a belief as to the truth of the allegations asserted therein and on that basis
4  deny each remaining allegation contained in Paragraph 6 of the FAC.

5     7.     Answering paragraph 7 of the FAC, Defendants admit that Lenai Mull
6  received a $100,000 Recovery in connection with the Accident. Except as expressly
7  admitted, Defendants lack sufficient information to form a belief as to the truth of
8  the allegations therein, and on that basis deny each other allegation contained
9  therein.

10  8.     Answering Paragraph 8 of the FAC, Defendants admit the Active MPI Health
11  Plan July 2007, which is both distributed to all participants and appears on the
12  Plan's website, expressly and unambiguously provides under a section entitled "
13  Claims Involving Third Party Liability" that ". . . no benefits will be payable nor
14  paid under any coverage of the MPI Health Plan unless you contractually agree in
15  writing in a form satisfactory to the MPI Health Plan, to do all of the following . . . .
16  Agree to reimburse the MPI Health Plan for benefits paid by the Plan from any
17  Recovery (as described and defined below) when the Recovery is obtained from or
18  on behalf of the third party or the insurer of the third party . . . . Execute a lien in
19  favor of the MPI Health Plan for the full amount of the Recovery which is due for
20  benefits paid by the Plan " The Plan further expressly provides that
21  "[r]eimbursement of benefits paid by the Plan for any injury or illness for which
22  either you or your dependent has received any Recovery is the liability of the
23  Participant. If reimbursement is requested and not received by the Plan in additional
24  to any other available remedies, the amount of such benefits (including any
25  applicable interest), as described below, will be deducted from all future benefit
26  payments to or on behalf of the Participant and/or any dependent, until the
27  overpayment is resolved. (Please refer to page 44 under Overpayments)." Except as
28

expressly admitted, Defendants deny each remaining allegation contained in Paragraph 8 of the FAC.

9. Answering paragraph 9 of the FAC, Defendants admit that the Plan provisions providing for reimbursement in connection with claims involving third party liability appear at pages 44, 49-50 of the Plan Document and Summary Plan Description. Except as expressly admitted Defendants deny each remaining allegation contained in Paragraph 9 of the FAC.

10. Answering paragraph 10 of the FAC, Defendants deny the allegations contained in Paragraph 10 of the FAC.

11. Answering paragraph 11 of the FAC, Defendants admit that the Plan provides that participants who fail to reimburse the Plan from a Recovery "shall continue to owe to the Plan such unpaid amount, up to the full amount of the Recovery." Except as expressly admitted Defendants deny each remaining allegation contained in Paragraph 11 of the FAC.

12. Answering paragraph 12 of the FAC, Defendants admit that Plaintiff Lenai Mull has exhausted her administrative remedies. Except as expressly admitted Defendants deny the remaining allegations of Paragraph 12 of the FAC.

13. Answering paragraph 13 of the FAC, Defendants repeat and reallege each response to the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Answering paragraph 14 of the FAC, ERISA § 1132(a)(3) provides relief set forth therein.

15. Answering paragraph 15 of the FAC, Defendants allege that after the refusal of Plaintiff, Lenai Mull, to reimburse the Plan from the proceeds of her $100,000 Recovery in violation of the unambiguous terms of the Plan, the Plan began recouping the unreimbursed amount from future benefits payable by the Plan as provided at pages 44 and 49 of the Plan and Summary Plan Description ("SPD").

Except as expressly admitted, Defendants deny each other allegation contained in paragraph 15 of the FAC.

16. Answering paragraph 16 of the FAC, Defendants admit that the Court ordered Plaintiffs to withdraw ERISA §502(a)(3) claims for declaratory and injunctive relief or be prepared to demonstrate that such claims are appropriate. Except as expressly admitted Defendants deny each allegation contained therein.

17. Answering paragraph 17 of the FAC, Defendants repeat and reallege each response to the allegations contained in paragraphs 1 through 16 as if fully set forth herein.

18. Answering paragraph 18 of the FAC, Defendants admit that they have enforced the terms of the Plan providing for recoupment of the overpayment which arose from the failure of Plaintiff Mull to reimburse the Plan from her $100,000 third party Recovery. Except as expressly admitted, Defendants, deny each remaining allegation contained in paragraph 18 of the FAC.

19. Answering paragraph 19 of the FAC, ERISA §502(a)(B) provides that " [a] civil action may be brought - (a) by a participant or beneficiary – (B) to . . . clarify his rights to future benefits under the plan." Except as expressly admitted, Defendants deny each remaining allegation contained in paragraph 19 of the FAC.

20. Answering paragraph 20 of the FAC, Defendants deny each allegation contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The FAC fails to state any claim upon which relief can be granted.

/ / /

/ / /

/ / /

### Second Affirmative Defense

Plaintiffs are estopped, by reason of their conduct and actions, from asserting each or any of the claims alleged in the FAC.

### Third Affirmative Defense

Plaintiffs have waived the right, by reason of their conduct and actions, to assert the claims alleged against Defendants in the FAC.

### Fourth Affirmative Defense

The relief requested by Plaintiffs constitutes unjust enrichment

### Fifth Affirmative Defense

Plaintiffs are barred from any recovery herein under the doctrine of unclean hands.

### Sixth Affirmative Defense

Plaintiffs failed to exhaust administrative remedies with respect to claims regarding the application of the Plan's overpayment procedures.

### Seventh Affirmative Defense

Plaintiffs are not entitled to the equitable relief requested by reason of the doctrine of "acquits sequitur legem."

**WHEREFORE** Defendants prays as follows:

1. That Plaintiffs take nothing from Defendants way of their FAC;
2. That this Court deny all relief requested by Plaintiffs in the FAC;
3. That this Court dismiss the FAC and enter judgment in favor of Defendants on all claims for relief;

1      4.    That this Court award costs of suit to Defendants, including reasonable attorney's fees in accordance with ERISA §502(g)(1), 29 U.S.C. §1132(g)(1); and

     5.    For such other and further relief as this Court deems just and proper.

Dated: March 26, 2013

WOHLNER KAPLON PHILIPS YOUNG & CUTLER

By: _____
Kathryn J. Halford
Attorneys for Defendants
Motion Picture Industry Health Plan; Board of Directors of the Motion Picture Industry Health Plan