DONALD M. de CAMARA, SBN 69703
E-mail:  decamlaw@sbcglobal.net
LAW OFFICES OF DONALD M. de CAMARA
1241 Carlsbad Village Drive, Ste. E
Carlsbad, CA 92008
Tel: (760) 730-7404
Fax: (760) 730-7409

DANIEL E. WILCOXEN, SBN 054805
E-mail:  dwilcoxen@wilcoxenlaw.com
WILCOXEN CALLAHAM, LLP
2114 K Street
Sacramento, California 95816
Telephone: (916) 442-2777
Facsimile:  (916) 442-4118

Attorneys for Plaintiffs Lenai Mull, Danielle Mull, Norman Mull and Carson Mull

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENAI MULL, DANIELLE MULL, NORMAN MULL, CARSON MULL<br><br>Plaintiffs,<br><br>vs.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br><br>Defendants | Case No.: CV12-6693VBF (MANx)<br><br>Assigned to:<br>Hon. Valerie Baker Fairbank<br><br>**PLAINTIFFS' (PROPOSED) JUDGMENT (FRCP 56)**<br><br>Date: None set, per Court's order<br>Ctrm:  9 |

Plaintiffs' motion for summary judgment came on regularly for hearing at the above location, the Honorable Valerie Baker Fairbank, Judge Presiding.  The Court, having considered the positions and arguments of both sides, and being fully advised in the premises;

HEREBY ORDERS, ADJUDGES AND DECREES:

The Court finds that there is no genuine issue as to any material fact that would preclude summary judgment in this case. The undisputed facts establish that the Mull family was entitled to health care coverage under the Motion Picture Industry ("MPI") Health Plan when 18 year old Lenai Mull was severely injured in an auto accident on February 3, 2010. Lenai Mull incurred approximately $190,000 in medical bills in connection with her injuries and the MPI plan paid approximately $148,000 of these bills. Lenai Mull recovered the available $100,000 policy limits from the responsible tortfeasor without having to retain counsel. Since Lenai was an adult at the time of her injury and settlement, these settlement funds belonged exclusively to her, and not to the remaining Mull family members. MPI learned of the receipt of the settlement funds and demanded that the entirety of the settlement be paid to MPI to reimburse the plan for its expenditures. Lenai Mull declined and MPI began rejecting covered claims for the entire Mull family and applying these rejected claims to what they claimed was an overpayment through a credit provision in their Summary Plan Description ("SPD"). This lawsuit was then commenced by the four Mull family members whose benefits were affected by application of the credit provision.

MPI then filed a motion to dismiss which was granted on the drafting issues raised by plaintiffs and denied on the application of equitable defenses under the Ninth Circuit decision in *CGI v. Rose*. This Court ordered that dispositive motions be filed in the action no later than July 31, 2013. The Court granted leave to the plaintiffs to amend their complaint, which they did. MPI then answered the amended complaint. MPI did not seek any affirmative relief from Lenai Mull who received the personal injury recovery, and did not file a compulsory counterclaim against any of the Mulls when it answered the amended complaint. Following the overruling of *CGI v. Rose* by the Supreme

Court in *US Airways v. McCutchen*, MPI demanded a dismissal of the entire action.  In response, plaintiff Lenai Mull dismissed her case with prejudice. On July 30, 2013, this Court struck the dismissal because it was filed without either a stipulation or a court order. Plaintiffs then filed a motion to dismiss Lenai Mull's action with prejudice and MPI moved to file a counterclaim against Lenai Mull, and her father, Norman Mull.  On February 4, 2014, the Court denied Lenai Mull's motion to dismiss and granted MPI's motion to file its proposed counterclaim. Before an answer was due to the counterclaim, Lenai Mull filed for bankruptcy protection and the case as to her was stayed. The remaining Mull plaintiffs, Danielle Mull, Norman Mull and Carson Mull, whose health care coverage is being withheld by MPI to satisfy the amount paid for Lenai Mull's medical bills, filed the instant motion for summary judgment in accordance with the briefing schedule set by the Court.

As a matter of law, this Court finds that the personal injury recovery obtained by Lenai Mull as an adult is solely her property. MPI has previously argued to this Court that Lenai Mull is in possession of the unexpended funds from her settlement and the Court has accepted that position as factually accurate. The remaining Mull family members have no legal right to possession or control of those funds.  MPI's SPD contains a reimbursement provision that purports to allow a credit to be taken against future covered medical care of the entire family of the recipient of a personal injury recovery, regardless of ownership issues.  The MPI SPD accomplishes this by contractually imposing personal liability against the entire family even where only one family member obtains any recovery.  This contractual scheme runs afoul of the Supreme Court's interpretation of ERISA's civil enforcement scheme as being exclusive.  A plan cannot devise its own extra-judicial enforcement scheme in order to circumvent ERISA.  Moreover, the Supreme Court has repeatedly held that to enforce its reimbursement rights, an ERISA

plan must be seeking an identifiable fund in the possession and control of the plan member and must not seek to impose personal liability. Here, the plan clearly seeks to impose personal liability against plan members having no possession and control of the recovery and does not limit its recovery to the "identifiable fund" of the personal injury recovery. The extra-judicial relief being taken by MPI against the remaining Mull family plaintiffs is contractual in nature rather than equitable as required by 29 USC 1132(a)(3) and the Supreme Court cases interpreting same. If plans were allowed to circumvent the equitable limitations of ERISA's civil enforcement scheme by using self-help, then ERISA would not afford the equitable protections to plan members that Congress intended. Moreover, the probability, or possibility, of the Mull family's future covered medical care does not qualify as a "specifically identifiable fund" as required by the above cases. Therefore, the MPI plan's credit provision, as applied to the remaining Mull plaintiffs, meets none of the equitable requirements under which reimbursement has been allowed by the Supreme Court.

The Supreme Court has clearly indicated in *CIGNA v. Amara* that the formal plan document is the only plan document enforceable by an ERISA fiduciary. Here, the Agreement and Declaration of Trust (Plaintiff's Exhibit 2) is the sole document that qualifies as the plan under the statutory requirements in 29 USC §1102. This formal plan document contains no reimbursement or credit provision and the SPD, which does, is not independently enforceable under *Amara*.

Additionally, it appears clear that the Mull family has been deprived of its only source of health care insurance, which is causing them irreparable harm. As such, the MPI defendants are enjoined from further applying the credit or overpayment provisions against Danielle Mull, Norman Mull or Carson Mull. Because the MPI SPD exceeded the scope of its equitable

authority to limit reimbursement claims to the plan member actually receiving the personal injury recovery, MPI has been unjustly enriched in the amount of $1,362 at the expense of the remaining Mull plaintiffs.  Consequently, said plaintiffs are entitled to equitable restitution in the amount of $1,362 against the defendants.

For all of the above reasons, plaintiffs' motion for summary judgment is granted against both defendants.

**Dated:**_____                    _____
                                          Hon. Valerie Baker Fairbank
                                          United States District Judge