Kathryn J. Halford (CA Bar No. 68141)
email:   kjhalford@wkpyc.com
Elizabeth Rosenfeld (CA Bar No. 106577)
email:    rosenfeld@wkpyc.com
Michael R. Odoca (CA Bar No. 260022)
**WOHLNER KAPLON PHILLIPS**
**YOUNG & CUTLER**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 331
Facsimile:  (818) 501-5306

Attorneys for Defendants Motion Picture Industry
Health Plan; Board of Directors of the Motion
Picture Industry Health Plan

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| LENAI MULL, DANIELLE MULL, NORMAN MULL, CARSON MULL, a minor, by her Guardian ad Litem, DANIELLE MULL, <br><br> Plaintiffs, <br><br> vs. <br><br> MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN, <br><br> Defendants. | **CASE NO. CV 12-6693 VBF (MANx)** <br><br> Hon. Valerie Baker Fairbank <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** <br><br> Action Filed: August 3, 2012 <br><br> Trial Date: None Set <br><br> Hearing Date:  None Set by Order of Court [Dkt. 53] |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE that Defendants Motion Picture Industry Health
Plan ("Plan") and Board of Directors of the Motion Picture Industry Health Plan
("Directors") (collectively "Defendants" ) will and hereby do move the Court for
summary judgment or, in the alternative, summary adjudication on the grounds that
there is no genuine issue as to any material fact that would enable the Court to rule
in favor of Plaintiffs Lenai Mull, Danielle Mull, Norman Mull and Carson Mull, a
minor by her Guardian Ad Litem, Danielle Mull (collectively "Plaintiffs") as to
their First Amended Complaint ("FAC") and Defendants are entitled to judgment as
a matter of law, in that:

1.      Defendants are entitled to judgment as a matter of law with respect to
Plaintiffs' "First Cause of Action-Injunctive Relief" under  ERISA
§502(a)(3), 29 U.S.C. §1132(a)(3), since the undisputed evidence establishes
that Plaintiffs are not seeking "appropriate equitable relief" to redress
violations of ERISA, or to enforce any provision of ERISA or the terms of
the Plan;

2.      Defendants are entitled to judgment as a matter of law with respect to
Plaintiffs' "First Cause of Action - Injunctive Relief" under ERISA
§502(a)(3), 29 U.S.C. §1132(a)(3) since the undisputed evidence establishes
that Plaintiffs' alleged claim for injunctive relief is duplicative of relief
available to Plaintiffs  under ERISA §502(a)(1)(B), 29 U.S.C.
§1132(a)(1)(B) and can be fully addressed under Plaintiffs' "Second Cause
of Action - For Recovery of Benefits Due under the Plan and to Clarify
Rights to Future Benefits Under the Plan";

3.      Defendants are entitled to judgment as a matter of law with respect to
Plaintiffs' "Second Cause of Action - For Recovery of Benefits Due
Plaintiffs Under the Plan" under ERISA §502(a)(1)(B), 29 U.S.C.

§1132(a)(1)(B) since the undisputed evidence establishes that Defendant Directors did not abuse their discretion in denying Plaintiffs' appeal for a reduction of the Plan's third party lien on the Recovery of Lenai Mull;

4.   Defendants are entitled to judgment as a matter of law with respect to Plaintiffs' "Second Cause of Action - For Recovery of Benefits Due Plaintiffs Under the Plan" under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) since the undisputed evidence establishes that Defendant Directors did not abuse their discretion in denying Plaintiffs' appeal to suspend the use of the Plan's overpayment procedures;

5.   Defendants are entitled to judgment as a matter of law with respect to Plaintiffs' "Second Cause of Action - To Enforce Rights Under the Plan and Clarify Rights to Future Benefits Under the Plan" under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) since the undisputed evidence establishes that Defendant Directors did not abuse their discretion in permitting the use of the Plan's overpayment procedures to recoup from future benefits payable to Participant Norman Mull and to his eligible dependents, Danielle, Carson and Lenai Mull;

6.   Defendants are entitled to judgment as a matter of law with respect to all of Plaintiffs' "Causes of Action" and claims contained in the FAC, as the undisputed evidence establishes that under the terms of the Plan, Plaintiffs are not entitled to relief requested in the FAC and the Plans' use of its contractual overpayment procedures to recoup benefits does not violate ERISA and is not subject to or limited by principles of equity.

This Motion for Summary Judgment is made pursuant to the Court's Order of February 25, 2014; the conference of counsel pursuant to Local Rule 7-3 took place on July 19, 2013.

This motion is based upon this Notice of Motion and Motion for Summary Judgment, the accompanying Memorandum of Points and Authorities, the

- 2 -

declarations of the following individuals, including the exhibits thereto, filed with this Court on August 26, 2013: George Palazzo [Dkt. 41], Veronica Shea [Dkt. 40], and Kathryn J. Halford [Dkt. 42], the Separate Statement filed herewith, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED:        April 18, 2014              Kathryn J. Halford
                                          Elizabeth Rosenfeld
                                          Michael R. Odoca
                                          **WOHLNER KAPLON PHILLIPS**
                                          **YOUNG & CUTLER**

                              BY:        _/s/ Kathryn J. Halford_
                                          KATHRYN J. HALFORD
                                          Attorneys for Defendants
                                          Motion Picture Industry Health Plan; Board
                                          of Directors of the Motion Picture Industry
                                          Health Plan

NOTICE OF MOTION AND MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION