1  DONALD M. de CAMARA, SBN 69703
   E-mail: decamlaw@sbcglobal.net
2  LAW OFFICES OF DONALD M. de CAMARA
   1241 Carlsbad Village Drive, Ste. E
3  Carlsbad, CA 92008
   Tel: (760) 730-7404
4  Fax: (760) 730-7409

5  DANIEL E. WILCOXEN, SBN 054805
   E-mail: dwilcoxen@wilcoxenlaw.com
6  WILCOXEN CALLAHAM, LLP
   2114 K Street
7  Sacramento, California 95816
   Telephone:    (916) 442-2777
8  Facsimile: (916) 442-4118

9  Attorneys for Plaintiffs Lenai Mull, Danielle Mull, Norman Mull and Carson Mull and Counter Defendants Lenai Mull and Norman Mull

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE MULL, NORMAN MULL, CARSON MULL<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>MOTION PICTURE INDUSTRY HEALTH PLAN; BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br>　　　　Defendants<br>_____<br>BOARD OF DIRECTORS OF MOTION PICTURE INDUSTRY HEALTH PLAN<br>　　　　Counterclaimants<br>vs.<br><br>LENAI MULL, NORMAN MULL<br>　　　　Counterdefendants<br>_____ | Case No.: CV12-6693VBF (MANx)<br><br>Assigned to:<br>Hon. Valerie Baker Fairbank<br><br>**PLAINTIFFS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FRCP 56)**<br><br>Date: None set, per Court's order<br>Ctrm: 9 |

# I
# MPI CONTINUES TO DISREGARD CONTOLLING LAW WHERE IT DOES NOT SUPPORT ITS POSITION

MPI persists in disregarding controlling law that does not support its position. Specifically, MPI argues that *CIGNA v. Amara*, 131 S. Ct. 1866 (2011) is not controlling because it applies only where there is a conflict between the formal plan document and the SPD. MPI conveniently overlooks the fact that its formal plan, the ADT, does not contain any reimbursement rights whatsoever, while the SPD does. Plaintiffs cannot imagine any greater conflict. In other words, if the ADT formal plan document is enforced, there would be no reimbursement, whereas the SPD provides for full reimbursement. In that situation, the *Amara* case clearly requires the formal plan document to control and no reimbursement should be allowed. Plaintiffs have cited multiple cases for this proposition besides *Amara*. See Point II of Plaintiff's P&A opposing MPI's MSJ. It is worth noting that three years have passed since *Amara* decided this legal point in plaintiffs' favor and MPI has still not changed its formal plan document to provide for reimbursement.

Secondly, MPI's SPD cannot be the formal plan document because it only has one of the four **required** statutory elements of an ERISA plan. See 29 USC §1102. See further discussion in Point XI (p. 19) of plaintiffs' MSJ P&A. It is worth noting that the formal plan document makes no effort to incorporate the terms of the SPD by reference. More importantly, MPI's position that the SPD becomes the plan document by saying it is so is bootstrapping that has no support in the case law. MPI's only case cited is an unpublished trial court case where the SPD was enforced because there was no formal plan document. That is not the situation in the instant case. Here, we have both a formal plan document and an SPD. The ADT clearly meets all four of the requisite statutory elements of a plan and was intended

to be the formal plan document. Since both documents exist and are completely inconsistent on the issue of reimbursement, per *Amara* and the other cases cited by plaintiffs, the ADT controls and there is no right of reimbursement.

MPI argues that its extra-judicial self-help credits are an exception to the admittedly exclusive civil enforcement scheme in ERISA. Obviously, MPI's credit and recoupment rights that it gave itself in its SPD are intended to circumvent the statutory language limiting civil relief available to plans against participants to "appropriate equitable relief."  See 29 USC §1132(a)(3). This argument is made despite the fact that MPI cannot locate a single case where any court in the country has approved application of a credit against an entire family who did not receive any recovery.  MPI asks this Court to be the first court anywhere to extend self-help measures created by an SPD to family members who received no recovery and therefore have no way of returning the recovery to the plan.  Clearly, it is legally impossible for plan members to return a recovery that does not belong to them.

Through the instant cross motions for summary judgment, the parties agree that there are no genuine issues of material facts in the case. Therefore, all issues remaining to be resolved are issues of law.  Issues of law are always reviewed de novo and not under an abuse of discretion standard.  See detailed authorities in Point VIII of Plaintiff's P&A Opposing MPI MSJ, Doc. 64, pp. 15-17.  Consequently, MPI's persistent pleas that an abuse of discretion standard should be applied are irrelevant to the disposition of this case and should be disregarded.

## II
## MPI APPEARS TO ADMIT THAT ITS COUNTERCLAIM AGAINST NORMAN MULL FAILS TO STATE ANY CAUSE OF ACTION

Once again, MPI appears to admit that its counterclaim against Norman Mull fails to state a cause of action against him. In its opposition (p. 8, ll. 2-4), MPI states:

> Under the current state of the law, Defendants may not be able to state a claim for "appropriate equitable relief" under ERISA 503(a)(3) (sic) against those members of the Mull family who may not be in possession of the third party recovery.

The Court will recall that MPI previously successfully argued in its pleadings and its counsel's declaration that Lenai Mull was in possession and control of the unexpended funds from her recovery. The Court then adopted this position and quoted from it in its ruling. See Doc. 49, pp. 10-12. MPI now attempts to counter this inconsistent position and failure to state a cause of action against Norman Mull with a footnote indicating that the counterclaim alleges that he is in possession of the proceeds of the recovery. See footnote 2, p. 8. However, this case is now at the summary judgment stage. Plaintiffs have filed a declaration by Danielle Mull with their summary judgment that states that the Mull family is not in possession or control of Lenai Mull's recovery. See Doc. 57, p. 4, ¶7. MPI cannot counter this with a reference to an unverified pleading, which carries no evidentiary weight. The Court could grant summary judgment to Norman Mull on the counterclaim on this basis alone. The federal rules expressly contemplate treating a motion to dismiss as a motion for summary judgment where the motion contains information outside the pleading being attacked. See FRCP 12(d). In the alternative, the Court could rule separately on Norman Mull's 12(b)(6) motion.

**CONCLUSION**

For all of the above reasons, as well as those previously expressed in support of plaintiffs' motion and opposing MPI's motion, plaintiffs respectfully submit that their motion for summary judgment should be granted and MPI's motion for summary judgment should be denied.

Respectfully submitted,

Dated: May 30, 2014

*/s/Donald M. de Camara*
Donald M. de Camara
Daniel E. Wilcoxen
Attorneys for Plaintiffs